(No. 12630.—Judgment affirmed.)

CARL BUSHNELL, Appellant, *vs.* HOMER H. COOPER, Admr. Appellee.

*Opinion filed October 27, 1919.*

1. DIVORCE—*suit for divorce is of a personal nature.* Marriage is a personal relation or status created under the sanction of law, and an action for divorce is a proceeding of a personal nature brought for the purpose of effecting a dissolution of that relation.

2. SAME—*death of either party abates suit.* In the absence of a statute to the contrary, the death, before final decree, of either party to a divorce proceeding abates the action, for the reason that death has settled the question of separation beyond all controversy and has deprived the court of jurisdiction both over ·the person and the subject matter.

3. SEPARATE MAINTENANCE—*dissolution of the marriage relation extinguishes subject matter of suit.* While an action for separate maintenance differs from a divorce proceeding in that the latter is for the dissolution of the marriage relation while the former is in affirmance of it and to enforce its obligations, the marriage relation constitutes the foundation of the action· in each case and the dissolution of that relation extinguishes the subject matter of the suit.

4. SAME—*alimony pendente lite and solicitor's fees are incidental to the action.* The allowance of alimony *pendente lite* and of a reasonable amount as solicitor's fees in a suit for separate maintenance is merely incidental to the main action, and as they are allowed only in furtherance of the action they cannot be recovered in an independent suit.

5. SAME—*when death of complainant cannot be made basis of bill to review decree.* Although a petition to file a bill of review is the proper remedy to bring matters *aliunde* to the attention of the court after the term has passed, the fact of the death of complainant on the day a decree for separate maintenance is entered cannot be made the basis for a bill of review by the defendant, who knew of the death and had ample time to inform the court thereof by proper motion before the expiration of the term at which the decree was rendered.

6. BILLS OF REVIEW—*when bills of review may be allowed.* The· function.of bills of review is to prevent a miscarriage of justice, and they will be allowed only in furtherance of that object for error

apparent on the face of the record, to impeach a decree for fraud or to review a decree on account of new matter or newly discovered evidence.

7. SAME—*bill of review for newly discovered matters rests in discretion of court.* A bill of review on account of newly discovered matters cannot be filed as a matter of right but is only allowed in the discretion of the court, and where it appears· affirmatively that the alleged newly discovered matters came to the party's knowledge in ample time to have been availed of in the original cause such matters cannot be made the basis of a bill of review.

8. SAME—*what is essential to bill of review for newly discovered evidence.* A bill of review for newly discovered evidence will not lie until after the close of the term at which the decree was entered, and there must be a showing that such evidence was not discovered until after the original decree had been entered and by the exercise of reasonable diligence could not have been discovered before that time.

9. SOLICITORS' FEES—*when hearing before master on question of fees is improper.* In an action for separate maintenance, where the court has heard the case and is able to determine a reasonable amount for solicitor's fees a reference of such question to the master is unnecessary, and the taking of five hundred pages of testimony on the question is improper; but the party who obtained such reference cannot afterwards take advantage of the improper practice on a bill to review the decree.

10. PRACTICE—*when a decree may be amended.* A term of court is regarded as but a single day or unit of time and all acts done within that term are regarded as contemporaneous, and during the term at which a decree is entered it may be amended or set aside as justice may require, but after the term has expired it cannot be altered or amended except in the mannner pointed out by statute or by a bill of review.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

NORMAN K. ANDERSON, and BENJAMIN CLARKE, for appellant.

S. C. IRVING, (DANIEL RILEY McMASTER, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 6, 1917, appellant filed his petition in the superior court for leave to file a bill of review to set aside a decree entered by that court June 9, 1916, granting to appellant's wife, cross-complainant in the original case, separate maintenance, fixing alimony and solicitor's fees and taxing costs against appellant. It is sought to set aside the decree because at the time it was entered the cross-complainant was dead. On the hearing the court denied the petition and refused to permit the bill to be filed. On appeal to the Appellate Court for the First District the decree of the lower court was affirmed. A certificate of importance was granted and this appeal prosecuted.

It appears from the pleadings and the proofs heard on the application for leave to file the bill, that February 28, 1914, appellant filed his bill for divorce in the superior court, charging Mary Bushnell, his wife, with desertion; that she answered and filed a cross-bill charging infidelity and cruelty, and prayed for separate maintenance and support for herself and minor son. The cause came on for hearing before one of the judges of the superior court on November 17, 1915, and the following day the court announced that the equities of the case were with the cross-complainant, and that a decree would be entered dismissing the original bill for want of equity and granting to cross-complainant the relief asked in her cross-bill, with alimony at the rate of $100 a month for herself and $20 a month for the support of her minor child, and directed her solicitor to prepare a decree in conformity with such finding. Thereafter a decree of separate maintenance was prepared and submitted to the court December 3, 1915. At this time counsel for Mary Bushnell asked for an order fixing the amount of her reasonable solicitor's fees. The parties were unable to agree upon the amount and the matter came on

for hearing before the court December 8, 1915. A partial hearing was had, and over the protest of counsel for Mary Bushnell an order was entered referring the matter to a master in chancery to take proof upon that question. A hearing was had before the master, some 500 pages of testimony were taken, and May 23, 1916, a finding and recommendation made that the cross-complainant be allowed $1500 as her reasonable solicitor's fees, together with something like $175 advanced by her as master's fees. June 9, 1916, exceptions filed to the master's report were heard and overruled and the report was approved and confirmed. A decree was entered dismissing the original bill for want of equity and finding the facts substantially as set forth in the cross-bill. Mary Bushnell was granted a decree of separate maintenance, with an allowance of $1200 a year from December 1, 1915, for her support and $240 a year for the support of her minor child, together with the household goods at 4141 Lowell avenue, Chicago, her solicitor's fees of $1500 and the master's fees of $175 advanced by her. The decree directed the payment of these sums, together with court costs and stenographer's fees, and made the same a lien upon the real estate of appellant.

The hearing on the exceptions to the master's report was taken up about 2:15 o'clock on the afternoon of June 9, 1916, and concluded about four o'clock that afternoon. Mary Bushnell was then residing at Norwood, Ohio, and was reported by her attorney to be in a very serious condition of health. It later developed that she died about two o'clock that afternoon. At the time the hearing was had and the decree entered her death was not known to any of the solicitors in the case nor to the court. Knowledge of Mrs. Bushnell's death came to the appellant on the evening of June 9,—the day the decree was entered,—but he took no steps to bring such fact to the court's attention at that time nor at any time until after the expiration of the term at which the decree was entered. July 15, 1916, ap-

pellant presented his petition for leave to file a bill of re-
view. The petition set forth the fact of Mrs. Bushnell's
death, as above stated, and alleged that the court was with-
out jurisdiction to enter the decree. No further steps, how-
ever, were taken until in the fall of 1916, when solicitors
for appellant asked leave to withdraw the petition filed in
the original case and to begin such proceedings as an inde-
pendent action. The motion was allowed and leave granted
to withdraw the petition without prejudice. This was done,
and, as hereinbefore stated, the present action commenced
March 6, 1917.

The questions presented are, whether or not the court
had jurisdiction to enter a decree in the original action after
the death of one of the parties, and the method by which
such a decree may be reviewed when the fact of such death
does not appear on the face of the record.

Marriage is a personal relation or status created under
the sanction of law, and an action for divorce is a proceed-
ing brought for the purpose of effecting a dissolution of
that relation. The action is one of a personal nature. In
the absence of a statute to the contrary the death of one
of the parties to such action abates the action, for the rea-
son that death has settled the question of separation beyond
all controversy and deprived the court of jurisdiction, both
over the persons of the parties to the action and of the sub-
ject matter of the action itself. For this reason the courts
are almost unanimous in holding that the death of either
party to a divorce proceeding, before final decree, abates the
action. 1 Corpus Juris, 208; *Wren* v. *Moss,* 2 Gilm. 72;
*Danforth* v. *Danforth,* 111 Ill. 236; *Matter of Crandall,*
196 N. Y. 127; *Wilson* v. *Wilson,* 73 Mich. 620; *Strick-
land* v. *Strickland,* 80 Ark. 452; *McCurley* v. *McCurley,*
60 Md. 185; *Begbie* v. *Begbie,* 128 Cal. 155.

While the present action is one for separate maintenance
and differs from a divorce proceeding in that the latter is
one for the dissolution of the marriage relation while the

former is one in affirmance of it and to enforce the obligations of that relation, they are both, nevertheless, similar in their nature, as the marriage relation constitutes the foundation of the action in each case and the dissolution of that relation extinguishes the subject matter which forms the basis for such an action. Under our statute a proceeding for separate maintenance may be had in a court of equity, and by such proceeding a wife may secure her reasonable support and maintenance while she lives, or has lived, separate and apart from her husband without her fault. Alimony and solicitor's fees may be allowed the same as in divorce proceedings. The allowance of alimony *pendente lite* and of a reasonable amount as solicitor's fees to prosecute the suit is merely incidental to the main action. They are allowed only in furtherance of it and cannot be recovered in an independent suit. *Dow* v. *Eyster,* 79 Ill. 254.

Appellee insists that a bill of review is not the proper remedy for bringing such facts *aliunde* before the court, and that it will not lie for matters merely in abatement of the action or as a substitute for a writ of error or an appeal. In *Tosetti Brewing Co.* v. *Koehler,* 200 Ill. 369, we held that where the error did not appear on the face of the record the proper method of impeaching and setting aside a decree after the term had expired was by a bill of review to bring the matter before the court, so that the decree might be modified and corrected according to the equities of the case. If this were not the rule a party would be without remedy where the fact of death of one of the parties was not discovered until after the decree was entered and the term passed. In our opinion the remedy pursued was the proper one to bring such matters *aliunde* to the attention of the court after the term had passed.

Bills of review, or bills in the nature of bills of review, are divided into three general classes: Bills for error apparent on the face of the record, bills to impeach a decree for fraud, and bills to review a decree on account of

new matter or newly discovered evidence. Bills of the last class cannot be filed as a matter of right but are only allowed in the sound discretion of the court; and the same rule obtains where a bill for either of the first two causes is joined with one to review a decree on account of new matter arising since the decree was entered. (*Schaefer* v. *Wunderle,* 154 Ill. 577; *Cole* v. *Littledale,* 164 id. 630; *Elzas* v. *Elzas,* 183 id. 132; *Harrigan* v. *County of Peoria,* 262 id. 36.) Bills of this character will not lie until after the close of the term at which the decree was entered, and when based upon newly discovered matter must be accompanied by a showing that such fact was not discovered until after the original decree had been entered and by the exercise of reasonable diligence could not have been discovered before that time. (*Griggs* v. *Gear,* 3 Gilm. 2; *Schaefer* v. *Wunderle, supra; Elzas* v. *Elzas,* 183 Ill. 160; *Watts* v. *Rice,* 192 id. 123; *Harrigan* v. *County of Peoria, supra.*) Their function is to prevent a miscarriage of justice, and they will be allowed only in furtherance of that object. *Hopkins* v. *Hebard,* 235 U. S. 287.

In the case before us no showing was made of any fraud practiced upon the court, and appellant's right to relief rests solely upon the fact that knowledge of the death of Mary Bushnell came to him on the evening of the day the decree was rendered. The claim made does not go to the merits of the controversy, which had been fully heard and considered and substantially disposed of long before her death. The delay in entering the written decree was due largely, if not entirely, to the unnecessary reference to the master. Five hundred pages of testimony were taken by the master on the question of fees. Such practice can not be approved. This reference was made over the protest of counsel for Mary Bushnell, who urged the court to fix the fee. The court had heard the case and could easily have determined a reasonable fee. Appellant desired the reference and ought not benefit by his own request. The

only effect permission to file the bill could have would be to relieve appellant from an obligation he is otherwise legally and equitably bound to pay. . He bases his right to file the bill solely upon the circumstance of the death of Mary Bushnell, cross-complainant in the divorce proceeding, on the day the decree for separate maintenance was rendered, and seeks relief on a technicality entirely too refined to commend itself favorably to a court of equity, which ordinarily does not concern itself with fractional parts of a day. (*Levy* v. *Chicago Nat. Bank,* 158 Ill. 88.) It affirmatively appears from his petition that he learned of Mary Bushnell's death, and of the hour of her death, about nine o'clock on the evening of June 9, 1916, and that he took no steps to bring such fact to the attention of the court until after the term had expired. In law a term of court is regarded as but a single day or unit of time, and all acts done within that term are regarded as contemporaneous. During the term at which a decree is entered the record remains in the breast of the court, and the decree may be amended or set aside as justice or right may require, (*Krieger* v. *Krieger,* 221 Ill. 479; *People* v. *Wells,* 255 id. 450;) but after the term has expired it cannot be altered or amended except in the manner pointed out by the statute or by a bill of review. (*Mooney* v. *Valentynovicz,* 255 Ill. 118.) No satisfactory reason is shown why the fact of Mary Bushnell's death was not brought to the attention of the court at an earlier date. Had the proper motion been made at the June term, the court, undoubtedly, would have granted appellant ample time to present the facts to support it. No such motion was made and appellant slept on his rights until that term expired. The failure to make such motion was due entirely to his own negligence, and under such circumstances such new matter cannot be made the basis for a bill of review. (*Schaefer* v. *Wunderle, supra.*) Where it affirmatively appears that the matters relied upon as newly discovered came to the party's knowledge in ample

time to have been availed of in the original cause, by motion or otherwise, they cannot be made the basis for a bill of review to set aside the decree. (*Griggs* v. *Gear, supra; Boyden* v. *Reed,* 55 Ill. 458; *Harrigan* v. *County of Peoria, supra.*) Such is the situation presented by this case, and the court was right in denying leave to file the bill.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*