JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.

John E. Merrion, Appellee, v. Julia V. O'Donnell et al., Defendants. Julia V. O'Donnell and James P. Kiely, Appellants.

Gen. No. 38,829.

Opinion filed December 30, 1936.   Rehearing denied January 12, 1937.

S<small>HEEHAN</small>, R<small>OONEY</small> & E<small>GAN</small>, of Chicago, for appellants; R<small>OY</small> J. E<small>GAN</small>, of counsel.

C<small>HARLES</small> J. T<small>RAINOR</small>, of Chicago, for appellee.

M<small>R</small>. J<small>USTICE</small> S<small>CANLAN</small> delivered the opinion of the court.

Plaintiff filed a petition for leave to file his bill of review, which leave was granted and the complaint, in the nature of a bill of review, was filed on December 12, 1935.   Defendants Julia V. O'Donnell and James P. Kiely filed a joint and several motion to dismiss the complaint, which motion was overruled, and said defendants electing to abide by their motion, a decree *pro confesso* was entered, from which they have appealed.

The complaint named as defendants Julia V. O'Donnell; James W. Garvin; Margaret C. Garvin; State Bank of Chicago, a corporation, Trustee; Chicago Title & Trust Company, a corporation, as Successor in Trust; Blum's Incorporated, a corporation; Estelle Lawrence Corporation, a corporation; and James P. Kiely, as trustee.   James W. Garvin and Margaret C. Garvin filed a joint and several answer admitting the

allegations contained in the complaint and that plaintiff was entitled to the relief prayed.

The following facts, upon which plaintiff relies, appear from the complaint: Plaintiff was the owner and holder of a promissory note, made by Simon O'Donnell, Julia V. O'Donnell, James W. Garvin and Margaret C. Garvin, for the sum of $25,000, dated August 21, 1925, payable five years after date with interest at six per cent per annum. The note contained a power of attorney to confess judgment against the makers in case of their default in payment, and payment of the note was secured by a trust deed on certain real estate in Cook county. Simon O'Donnell died February 7, 1927. On August 25, 1930, the surviving makers paid $5,000 on account of the principal of the note, and interest to that date. Plaintiff entered into an agreement in writing with the surviving makers, dated August 21, 1930, by the terms of which the time for payment of the balance due upon the note, $20,000, was extended. The surviving makers failed to make payments as provided in the extension agreement, and on March 17, 1933, plaintiff elected to and declared the amount unpaid on the note to be due and payable and on that date caused judgment by confession to be entered, in the municipal court of Chicago, against Julia V. O'Donnell, James W. Garvin and Margaret C. Garvin for $20,197.56. Execution issued and the bailiff of the municipal court levied upon certain real estate owned by defendant Julia V. O'Donnell, and on May 5, 1933, sold the same for the sum of $8,000. On April 4, 1933, plaintiff filed his bill in the superior court of Cook county to foreclose the trust deed executed to secure the payment of the note. The cause was referred to a master in chancery to take proofs as to the amount remaining unpaid on the note and report his findings and recommendations to the court. The master found, *inter alia,* that the amount due and unpaid

on the note was $14,606.03, and he reported that in computing that amount he credited as a payment on the note the net proceeds of the sale by the bailiff of the municipal court in the proceeding in that court. No exceptions were taken to the master's report and on June 7, 1933, a decree in accordance with the master's report was entered. It provided that unless defendants or some one of them paid plaintiff, within three days, $14,606.03 the master should sell the real estate and apply the proceeds in payment of the said amount. The master sold the real estate and made his report of sale and distribution, which showed that after applying the net proceeds of the sale in reduction of the debt there remained a deficiency of $4,058.40. As no exceptions had been taken to that report it was approved, and on July 12, 1933, a decree was entered against defendants Julia V. O'Donnell, James W. Garvin and Margaret C. Garvin for the amount of the deficiency. On April 23, 1934, more than nine months after the final decree in the foreclosure proceedings, and more than a year after the entry of the judgment in the municipal court, Julia V. O'Donnell filed her petition in the municipal court praying that the judgment of March 17, 1933, be vacated on the ground that the court was without jurisdiction to enter it. Her petition was denied and she then prayed an appeal to this court, and we held, on March 29, 1935 (*Merrion v. O'Donnell,* 279 Ill. App. 435), that the warrant of attorney to confess judgment contained in the original note was shorn of its power and authority by the death of Simon O'Donnell, that the extension agreement contained no authority to confess judgment, and that, therefore, the municipal court was without jurisdiction to enter the judgment by confession, and we remanded the cause to that court with directions to vacate the judgment. On June 18, 1935, the Supreme Court of Illinois denied

plaintiff's petition for leave to appeal, the mandate of this court was then filed in the municipal court, and on July 8, 1935, the judgment of that court was vacated. The complaint in the instant proceeding alleges that the validity of the judgment of the municipal court and the proceedings thereunder were not questioned prior to the entry of the final decree in the foreclosure proceedings; that

"For the reason that the validity of said judgment of the Municipal Court and the proceedings thereunder were in no wise questioned prior to the entry of the final decree in said foreclosure proceeding, the amount credited as a payment on said note by virtue of said Bailiff's sale was considered by this Court as a payment on said note in its finding of the balance due and unpaid on said note and its finding of the deficiency remaining after the sale of said property by the Master in said foreclosure proceeding, by reason of which this Court found and decreed that after said foreclosure sale there remained a deficiency of $4,058.40 due complainant under said decree, whereas if the amount credited as a payment under said void Bailiff's sale had not been considered by this Court as a payment this Court would have found and decreed said deficiency to be $11,707.75, which is the true and correct amount of said deficiency.

"By reason of the fact that the term at which said final decree confirming said Master's report of sale and distribution in said foreclosure proceeding had expired before said judgment of the Municipal Court and the proceedings thereunder had been avoided, this Court thereafter was without jurisdiction to alter said decree in such manner as to show the true amount of said deficiency to be $11,707.75 instead of $4,058.40.

"That said decree showing said deficiency to be $4,058.40 is binding and conclusive on complainant, and he is without remedy to alter said decree to show

the correct amount of said deficiency to be $11,707.75 except by this bill of review."

The complaint prays that the decree in the foreclosure suit "be reviewed and the correct amount due and unpaid on said note may be found and decreed and that the true and correct amount of said deficiency may be found and decreed." The decree found the facts as alleged in the complaint and decreed that the deficiency in the foreclosure proceeding "is fixed at the sum of $11,707.75."

Appellants' motion to dismiss is as follows:

"The defendants, Julia V. O'Donnell, and James P. Kiely, move the Court to dismiss the complaint herein on the ground that:

"1. That the cause of action did not accrue within the time limited by law for the commencement of an action or suit thereon, in that the plaintiff is guilty of laches.

"2. The defendants, jointly and separately, say that the complaint and matters therein contained in manner and form as the same are therein and thereby set forth and alleged are not sufficient in law for the plaintiff to maintain his aforesaid action, and that these defendants are not bound by law to answer the same.

"Wherefore, for want of a sufficient complaint in this behalf, these defendants pray judgment and that the plaintiff may be barred from maintaining his aforesaid action."

Par. 173, sec. 45 (1) of the Practice Act, Ill. State Bar Stats. 1935, ch. 110; Jones Ill. Stats. Ann. 104.045, provides that all objections to pleadings heretofore raised by demurrer shall be raised by motion and that "such motion shall point out specifically the defects complained of," and the contention of plaintiff that the court might properly have overruled the motion to dismiss because of the failure of defendants to comply

with the provisions of the act, is not without merit. However, we have seen fit to consider the contentions raised by appellants in support of their motion.

This appeal is so devoid of equity that appellants are forced to rely upon alleged technical errors in support of their argument that the decree should be reversed and the cause remanded with directions to the trial court to sustain their motion to dismiss the complaint.

Based upon the unwarranted assumption that plaintiff by his complaint relies upon error appearing on the face of the record, appellants argue, at some length, that the complaint does not disclose any error of law in the proceeding.

"Bills of review, or bills in the nature of bills of review, are divided into three general classes: Bills for error apparent on the face of the record, bills to impeach a decree for fraud, and bills to review a decree on account of new matter or newly discovered evidence." (*Bushnell v. Cooper*, 289 Ill. 260, 265-6.) In the instant case the complaint seeks relief under the last class. The complaint is based upon the theory that in the foreclosure proceeding the master in chancery, in computing the amount due and unpaid on the note, credited as a payment the amount of the proceeds of the sale by the bailiff of the municipal court of Chicago, and that the decree followed the master's report in that regard; that more than two years after the decree in the foreclosure proceeding had been entered the judgment of the municipal court and all proceedings under it were vacated by the judgment of this court at the instance of defendant Julia V. O'Donnell; that the time within which the decree of the superior court could have been modified by motion had then expired, and a bill of review is the only method by which the decree could be modified to adjust the equities between the parties. The function

of a bill of review to review a decree on account of new matter or newly discovered evidence, is to prevent a miscarriage of justice where the court is able to see upon a view of all the circumstances that the remedy can be applied without mischief to the rights of innocent parties. (See *Hopkins v. Hebard*, 235 U. S. 287, 290, cited with approval in *Bushnell v. Cooper, supra.*) Relying on his judgment in the municipal court plaintiff gave defendants, in the foreclosure proceedings, a credit of $7,841 on their note, "being the net amount bid by the complainant at an execution of sale upon a judgment in the Municipal Court of Chicago." Defendants, by their conduct, permitted the master and the chancellor to treat that judgment as a valid one. They accepted the benefit of the credit and abided by the decree, but after the chancellor had lost jurisdiction to change the decree defendant Julia V. O'Donnell took steps to bring about a voiding of the judgment of the municipal court, and having succeeded in her purpose she now seeks to cause plaintiff the loss of $7,649.35 by interposing technical objections to the instant complaint, which is designed solely to adjust the equities between the parties made necessary by the vacating of the judgment. Equity is not so weak that it will permit appellant to retain her unfair advantage. Under the facts a complaint in chancery in the nature of a bill of review is clearly the appropriate remedy.

Appellants contend that "the plaintiff is guilty of laches in that he did not bring his action within the time allowed for the bringing of a writ of error or appeal." The rule invoked applied only to bills of review brought for error apparent on the face of the record, and has no application to a complaint in the nature of a bill of review, like the instant one, based on new matter or newly discovered evidence. Here the question of laches is to be determined by the trial court in the exercise of his judicial discretion from the facts

and circumstances as they appear from the allegations of fact in the "petition for leave to file the bill" and in the complaint itself. It is clear from the allegations of the complaint that the claim of appellants that the complaint is barred by laches is without the slightest merit. In *Luttrell v. Wyatt*, 305 Ill. 274, wherein one of the defenses interposed was laches, the court said (p. 283):

"A court of equity applies the doctrine of *laches* in the denial of relief only where, from all the circumstances, the delay would render the relief to which the complainant would otherwise be entitled, inequitable and unjust. (*Coryell v. Klehm*, 157 Ill. 462.) Mere delay, alone, for a period less than that covered by the Statute of Limitations is not *laches* that constitutes a defense. It is only when the delay is accompanied by some other element rendering it inequitable for the complainant to assert his right that the *laches* will bar his right within the statutory period. (*Compton v. Johnson*, 240 Ill. 621.)"

It would be idle to argue that it is inequitable for plaintiff to assert his right against appellants.

Appellants contend that the "bill of review" is fatally defective because "all the parties to the original decree, and whose interests are affected by the original decree are not made parties to the complaint." The defendants to the original bill for foreclosure who were not included in the summons issued in the instant proceeding are James Wagner, State Bank of Chicago, trustee, and Blackstone Shop, a judgment creditor of defendant Julia V. O'Donnell. The original bill named Wagner as a defendant on the ground that he was an occupant of the premises sought to be foreclosed, and the instant complaint alleges that he was made a defendant in the foreclosure proceeding because he occupied the premises as a tenant but that he had vacated the premises and had no longer any

interest in the litigation. The complaint alleges and the decree found as a fact that State Bank of Chicago had been named as a defendant in the original bill to foreclose on the ground that it was trustee in the trust deed sought to be foreclosed, and that prior to the filing of the bill it had resigned as such trustee and had been succeeded by the Chicago Title and Trust Company, the successor in trust named in the trust deed. The Blackstone Shop was named as defendant in the foreclosure proceeding because it had a judgment for $5,361.72 against defendant Julia V. O'Donnell, and the foreclosure decree found the lien of that judgment to be subject to the lien of the trust deed. The premises were sold under the foreclosure decree on July 5, 1933, and on July 12, 1933, the master's report of sale and distribution was approved and a deficiency decree of $4,058.40 was entered against defendants Julia V. O'Donnell, James W. Garvin and Margaret C. Garvin. None of the aforesaid defendants could possibly be adversely affected by any action taken on the complaint and there is no merit in appellants' contention that they were necessary parties to the complaint.

The decree of the superior court of Cook county should be and it is affirmed.

*Decree affirmed.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.