274 P.2d 569

**Leonard BATES, Plaintiff and Appellant,**

**v.**

**Odell Walker BURNS et al., Defendants and Respondents.**

No. 8207.

Supreme Court of Utah.

Oct. 1, 1954.

fore judgment, judgment may nevertheless be rendered thereon."

Robert Murray Stewart, Salt Lake City, for appellant.

Stewart, Cannon & Hansen, Salt Lake City, for respondents.

PER CURIAM.

Motion to dismiss appeal. This action was for personal injuries. After jury verdict for plaintiff, the trial court entered judgment notwithstanding the verdict, for defendants. Plaintiff appealed, challenging this as error, contending that the court should have entered judgment in accordance with the verdict. After the filing of the notice of appeal plaintiff died.

Defendants' motion to dismiss the appeal is based upon the recognized rule that a cause of action for personal injuries does not survive the plaintiff either at common law or under the statutes of this state. Reliance is placed upon Mason v. Union Pacific R. R. Co., 7 Utah 77, 24 P. 796, and Candland v. Mellen, 46 Utah 519, 151 P. 341.

Plaintiff bases his opposition to the motion to dismiss the appeal upon Rule 58A (d), U.R.C.P., which reads:

"If a party dies after a verdict or decision upon any issue of fact and be-

The only purpose which can be ascribed to this rule is the preservation of the benefits of a cause of action which has ripened into a jury verdict. The question is whether the rule only authorizes the entry of a judgment by the trial court as is ordinarily done within a matter of a few hours after the verdict, or does it authorize the entry of a final and correct judgment upon the verdict, without regard to the lapse of time.

In some instances issues of fact are tried and determined, particularly where the trial is to the court, and considerable time is thereafter consumed in briefing, arguing and holding the matter under advisement before a judgment is entered. The rule would undoubtedly authorize the entry of judgment should death occur during such period. This would not be varied by the fact that it might be necessary to make a motion, seek a writ of mandate or otherwise see that a correct judgment was entered. The rule makes no distinction as to the length of time elapsing between the verdict (or decision upon an issue of fact) and the judgment. Nor is there any logical basis for any such distinction. The fact that judgment is ordinarily entered on the verdict within a relatively short time, whereas if the plaintiff succeeds here the judgment if finally entered on the verdict will run into months, cannot defeat the

364

purpose of the rule, which is to preserve the verdict until a judgment can be entered thereon. That purpose can only be accomplished if the rule means that after verdict the *proper* and *correct* judgment may be entered thereon.

The cases relied upon by the defendants, Mason v. Union Pacific R. R. Co., supra, and Candland v. Mellen, supra, in no way militate against our holding here. In the first mentioned case, we held that an action commenced by plaintiff Mason for personal injuries sustained by him did not survive his death for the benefit of his heirs; that our statutes gave the heirs a new cause of action for his wrongful death, but that the administrator of Mason could not amend the complaint of Mason which sought damages for personal injuries to charge his wrongful death. Unlike the instant case, Mason had not prior to his death recovered a verdict in his favor.

In the Candland case, the plaintiff obtained a judgment for personal injuries but died before the settlement of the bill of exceptions. Her administrator was served with the notice of appeal and bill of exceptions. This court found errors in the instructions to the jury, which would have necessitated a new trial. But the plaintiff having died, we held that the cause of action did not survive and that the case should be dismissed. In the instant case if the appellant is successful in his appeal, a new trial will not be necessary. This court would simply order judgment to be entered on the jury verdict.

The motion to dismiss the appeal is denied.