*In re* MARRIAGE OF DAWNETTE S. WALTERS, Petitioner-Appellee, and JAMES L. WALTERS, Respondent-Appellant.

Third District   No. 3—84—0109

Opinion filed January 9, 1985.

Andrew Schneiderman, of Sternberg & Associates, of Chicago, for appellant.

William O. Schmidt, of Kankakee, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This appeal is brought seeking review of an order of the circuit court of Kankakee County which set aside that court's prior judgment dissolving the marriage of Dawnette S. Walters and James L. Walters. At issue is the application of section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 401(3)), as that statutory enactment was construed by *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 443 N.E.2d 541, a recent decision of our supreme court.

On July 16, 1980, Dawnette S. Walters filed in the circuit court a petition for dissolution of her marriage to James L. Walters. The first stage of the bifurcated proceeding on that petition was held August 25, 1980. At that time, the circuit court orally pronounced:

"The Court finds the grounds exist for the dissolution of mar-

riage and awards a judgment of dissolution."

Later, an entry was typed on the judge's docket summarizing the results of the August 25, 1980, hearing. That entry provided in part:

> "Court finds grounds exist for the dissolution and awards a judgment of dissolution."

No decision was made at the August 25 hearing concerning matters such as support, custody and maintenance. Motions to continue the second stage of the bifurcated hearing were granted from time to time for a period of several months following August 25. Subsequently, on April 8, 1981, James L. Walters died intestate.

Following Mr. Walters' death, the cause proceeded to adjudication, with Mrs. Walters' counsel appearing at several settings in 1982 and 1983. Then, on August 30, 1983, more than 36 months after the entry of the judgment of dissolution, and more than 28 months after the death of Mr. Walters, Mrs. Walters filed an objection to the entry of the judgment of dissolution and a motion to vacate same. The objection was based upon the supreme court decision, *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 443 N.E.2d 541. That decision discusses the requirements of section 401(3) of the Illinois Marriage and Dissolution of Marriage Act. That section provides:

> "Such judgment [of dissolution] shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property." (Ill. Rev. Stat. 1981, ch. 40, par. 401(3).)

In the *Cohn* case, it was determined that section 401(3) is mandatory. That is, the circuit court cannot bifurcate a judgment unless it has with the same judgment disposed of the matters relating to custody, support, maintenance and property division. An exception to the mandatory requirements of section 401(3) is permitted in "appropriate circumstances," but in *Cohn*, as in the instant case, there is nothing in the record to reveal that the circuit court gave any consideration to the question of whether special circumstances existed which would justify the reservation of the disposition of these matters.

With the filing of the objection, Leona Walters, mother of the decedent, was appointed as special administrator to represent the estate of the decedent in the dissolution action. The special administrator responded to the objection, urging in essence that the objection and the request for relief from the 1980 judgment were not made on a timely basis. The circuit court, in reliance on the *Cohn* case, found that it lacked authority to enter the bifurcated judgment, sustained Mrs.

Walters' objection and set aside the judgment of dissolution entered on August 25, 1980. The special administrator appeals that decision.

Before considering the merits of the special administrator's appeal, it is necessary to discuss a threshold issue raised by the appellee in her brief. Specifically, she suggests that the order vacating the judgment of dissolution is not a final, appealable order since the order does not dispose of the entire claim contained in her petition for dissolution of marriage. While only final orders are appealable as of right (87 Ill. 2d R. 301), "the line of cleavage between final and interlocutory orders is not yet scientifically prescribed and the definitions and pronounced tests must be considered primarily with reference to the facts of a particular case and the relief sought in the pleading." (*In re Organization of Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 170, 318 N.E.2d 496, 498.) The substance and effect of an adjudication is determinative in assessing its finality. (*Mills v. Ehler* (1951), 407 Ill. 602, 95 N.E.2d 848.) In considering the facts, and in determining the substance and effect of an order in light of the facts, the ultimate test of finality is whether the order disposes of the litigation. *Department of Transportation v. Schien* (1977), 50 Ill. App. 3d 73, 365 N.E.2d 702.

In vacating or setting aside the judgment of dissolution, the substance and effect of the circuit court order is to return the litigants, Mrs. Walters and Mr. Walters, to a prejudgment posture. Yet, such a prejudgment posture, given the fact of Mr. Walters' death in 1981, effectively disposes of the litigation. The death of a party to a dissolution action abates the action and deprives the court of jurisdiction over the marriage. Death extinguishes the subject matter of the litigation, the marriage union itself. (*Bushnell v. Cooper* (1919), 289 Ill. 260, 124 N.E. 521; accord, *In re Estate of Chandler* (1980), 90 Ill. App. 3d 674, 413 N.E.2d 486.) The order vacating the judgment of dissolution abates the dissolution action, thus disposing of and terminating the litigation. Only an appeal of the order setting aside the judgment will allow the special administrator any avenue for appellate review. We must conclude that the order appealed from is final, and this appeal is well taken.

It is clear from the *Cohn* case, and another recent decision, *In re Marriage of Davies* (1983), 95 Ill. 2d 474, 448 N.E.2d 882, that the trial court cannot enter judgments of dissolution that fail to dispose of all issues raised by the petition for dissolution, except in appropriate circumstances. However, both *Cohn* and *Davies* provide that while it is improper to enter a judgment while reserving some issues for further determination, any error in bifurcating dissolution proceedings

can be waived. (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 448 N.E.2d 882.) The *Cohn* case specifically held that where no objection to the validity of bifurcated judgments is made and where no appeal is taken, the mandatory provisions of section 401(3) are deemed to have been waived. (*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 206-07, 443 N.E.2d 541, 549.) The court in *Davies* found that where "throughout most of the trial court proceedings *** [the objector] acquiesced in the dissolution judgment, failing to challenge its validity ***," any error which might be inherent in the bifurcated judgment was invited and waived. (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 477, 448 N.E.2d 882, 884.) We believe the same rule should apply under the facts of the case at bar.

For 36 months after the entry of the judgment of dissolution Mrs. Walters, the objector, continued to appear, by her attorneys, in the dissolution proceeding, thereby acquiescing and accepting the validity of the circuit court's prior judgment. For 28 months following the death of Mr. Walters, Mrs. Walters, the objector, continued to appear, through her attorney, at numerous settings wherein the circuit court monitored the progress of the dissolution proceeding. We recognize that the facts of the instant case are not identical to the facts facing the court in *Davies*. Nevertheless, the operative facts are similar, *i.e.*, prolonged acquiescence in the dissolution judgment, evidenced by active participation in the judicial proceeding, so as to require the application of the same rule of waiver.

Mrs. Walters suggests that the special administrator has waived the issue of timeliness by failing to present that issue to the trial court. We disagree, noting that the response filed by the special administrator makes specific reference to the timeliness of the objection to the bifurcated judgment. Accordingly, we will take cognizance of the argument that Mrs. Walters has waived her right to object to the bifurcated judgment of dissolution. In reliance on the authorities previously cited, and after carefully considering the arguments of counsel, we reverse the order of the circuit court of Kankakee County which vacated that judgment of dissolution. Further, we remand the issue to the circuit court for its consideration of the remaining issues.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.