LINDA BRANDON, Ex'r of the Estate of Faye Caisse, Deceased, Plaintiff-Appellee, v. ARMAND ROBERT CAISSE, Defendant-Appellant.

Second District No. 85—0468

Opinion filed August 11, 1986.

George P. Lindner and Jon Yambert, both of Lindner, Speers & Reuland, P.C., of Aurora, for appellant.

Richard H. Balog, of St. Charles, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

This action was brought by Faye Caisse to dissolve her marriage to Armand Caisse. At the close of the evidence and before final judgment, Faye died. Thereafter, Linda Brandon, executor of Faye's es-

tate, was substituted for her. Armand motioned to dismiss on the basis that the proceedings abated since a judgment of dissolution had not been entered. The motion was denied, and approximately two months after Faye's death, the trial judge entered a judgment of dissolution of marriage and distribution of property.

Faye and Armand were married on September 12, 1970, and had two children: Dustin Daniel and Autumn. The children were ages 5 and 12, respectively, at the time Faye filed a petition for dissolution of marriage on July 1, 1983.

The dissolution hearing was held on March 23, 1984. Following the proof, the trial judge asked Armand, "[A]lthough you may not agree with those grounds, is it true you are not contesting the grounds issue? You are not contesting the grounds for dissolution? *** Mental cruelty." Armand answered, "I'm not contesting." The trial judge then stated: "Alright. I'll find that the testimony is sufficient to establish the grounds of mental cruelty." A formal written order finding as a fact that grounds for dissolution were proved was entered. However, no minute order, docket entry, or order of dissolution was entered before trial on the remaining issues.

Trial on the remaining issues covered four days of testimony: August 30, 1984, September 19, 1984, September 25, 1984, and September 26, 1984. Final arguments were made on October 1 and 5, 1984. Faye died on October 8, 1984. Armand filed a motion to dismiss because the proceedings abated before judgment for dissolution had been entered.

A hearing on Armand's motion was held on October 29, 1984. The trial judge agreed that a judgment had not yet been entered. The judge, however, denied the motion based on *In re Marriage of Davies* (1983), 95 Ill. 2d 474. The trial judge determined that his previous finding that grounds existed would be construed as a judgment. A judgment for dissolution was thereafter entered on December 17, 1984, along with the distribution of property.

The trial judge awarded Faye's estate all personal property that had been in her possession, including the household furnishings, without fixing a value to these items. Fixed assets awarded to the estate included the marital residence, the car, all bank accounts, loans receivable and retirement plans with the exception of $1,392.59. The trial judge awarded all business-related assets, the motorcycle, the pickup truck, and the worker's compensation award of $18,600 to Armand. The custody of the children was awarded to Armand. Armand's post-trial motion was denied, and this appeal followed.

Armand contends on appeal that since a judgment of dissolution

had not been entered before Faye's death, the proceedings for dissolution abated. The estate maintains, citing *Tunnell v. Edwardsville Intelligencer, Inc.* (1969), 43 Ill. 2d 239, and *In re Marriage of Davies* (1983), 95 Ill. 2d 474, that although there was never a formal judgment of dissolution entered the litigation was ripe for judgment.

 Generally, death of a party during the course of a divorce proceeding has been held to abate the action. (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 478; *In re Estate of Chandler* (1980), 90 Ill. App. 3d 674, 677.) The supreme court has held, however, that there is no abatement upon the prejudgment death of a party to a nonsurviving action if the litigation is ripe for judgment. *In re Marriage of Davies* (1983), 95 Ill. 2d 474, 480; *Tunnell v. Edwardsville Intelligencer, Inc.* (1969), 43 Ill. 2d 239, 242-43.

In *Tunnell,* the supreme court held that where the trial court, in a libel action, set aside the jury's award of punitive damages, and plaintiff died subsequent to filing a notice of appeal, the case was ripe for judgment when plaintiff died. (*Tunnell v. Edwardsville Intelligencer, Inc.* (1969), 43 Ill. 2d 239, 243-44.) The court stated that even as to actions which do not survive there is no abatement upon the death of a party if the litigation has progressed to a point at which the merits of plaintiff's allegations have been affirmatively determined. (43 Ill. 2d 239, 242.) The court noted that a case becomes ripe for judgment following the return of a verdict. 43 Ill. 2d 239, 242.

In *Davies,* the trial court, which elected to proceed in a bifurcated marriage dissolution action, entered a judgment dissolving the marriage and expressly providing that marital-property rights and related matters would be resolved after a separate hearing. After conducting a hearing, the trial court issued an opinion letter dividing the marital property and directing plaintiff's attorney to prepare a judgment order conforming with the terms. Before the order was entered, plaintiff died. (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 475-76.) The supreme court held that if a jury verdict is a sufficiently final resolution of the factual questions to preclude abatement of the action upon the death of a party, a judge's opinion letter must be given the same effect. Accordingly, the litigation was considered ripe for judgment. 95 Ill. 2d 474, 480.

Following the *Davies* decision, the legislature amended section 401(3), effective September 9, 1983, to provide that the death of a party following a bifurcated judgment of dissolution but before remaining issues are resolved does not abate the proceedings. (Ill. Rev. Stat. 1983, ch. 40, par. 401(3).) Section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides, in relevant part:

"The death of a party subsequent to *entry of a judgment for dissolution* but before judgment on reserved issues shall not abate the proceedings." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 40, par. 401(3).

■ In construing a statute, it is fundamental that the judicial role is to ascertain the intent of the legislature and give it effect. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41.) In ascertaining the intent of the legislature, it is proper for the court not only to consider the language employed by the legislature, but also to look to the reason and necessity for the law, the evils to be remedied, and the objects. and purposes to be obtained. *People v. Steppan* (1985), 105 Ill. 2d 310, 316.

■ It is presumed that the legislature acted with full knowledge of the judicial decisions concerning prior and existing law and legislation. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 1018.) It is also presumed that where the statute was enacted after judicial opinions on the matter, the legislature acted with knowledge of the prevailing case law. (*People v. Jones* (1985), 134 Ill. App. 3d 1048, 1052.) Despite the language of the court in *Davies*, the legislature used the words "entry of a judgment for dissolution" rather than "ripe for judgment of dissolution." We interpret our legislature's failure to do so as an indication that a judgment for dissolution must be entered.

Further, Supreme Court Rule 272 defines when a judgment is entered. (87 Ill. 2d R. 272.) If a judgment is announced orally but requires a written order, it is entered as a judgment only when the signed order is filed, if it is an oral pronouncement, it is entered when the clerk makes the docket entry of record. In this case no judgment of dissolution was entered until two months after Faye's death.

■ Considering the narrow holding of both *Tunnell* and *Davies*, the legislature's intent in amending the Act, and Rule 272, which defines entry of a judgment, we hold that in this case, the cause of action abated on Faye's death. The judgment of the trial court is, therefore, reversed.

Reversed.

NASH, P.J., and LINDBERG, J., concur.