*In re* MARRIAGE OF CHARLES H. BLACK, SR., Petitioner, and DORIS M. BLACK, Respondent-Appellee (Charles H. Black, Jr., *et al.*, Co-administrators of the Estate of Charles H. Black, Sr., Deceased, Petitioners-Appellants).—*In re* ESTATE OF CHARLES H. BLACK, SR., Deceased.

Third District   No. 3—86—0452

Opinion filed April 30, 1987.

Craig M. Armstrong, of Armstrong, Surin & Engels, of Ottawa, for appellants.

William N. Twohey, of Law Offices of William N. Twohey, of Ottawa, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Husband in a marriage dissolution proceeding died following a hearing determining that grounds for the dissolution of marriage existed, but prior to an entry of judgment. The judgment was to be entered following a second hearing on remaining issues. The executors of his estate filed a motion requesting that they be substituted in the proceedings. The trial judge determined the action had abated and denied the motion. We affirm.

In January of 1983 Charles Black, Sr., filed a petition seeking dissolution of his marriage from his wife Doris. In June of 1984 a hearing was held where the trial judge found that jurisdiction and grounds to dissolve the marriage existed. The trial judge reserved the entry of a final judgment of divorce until the next hearing on the remaining issues was completed. He specifically stated that the parties remained married pending the completion of the second hearing. Charles Black, Sr., died on April 4, 1986, prior to the second hearing, which was to be held on April 30, 1986.

On May 1, 1986, the trial judge, without notice, dismissed the case for want of prosecution. On May 20, 1986, Charles Black, Jr., and Diane Tucker, the co-administrators of Mr. Black's estate, filed a motion to vacate the dismissal order and to substitute themselves as petitioners in the dissolution action. The trial judge consolidated the marriage dissolution case with the probate proceedings. He entered an order vacating the order of dismissal. He denied the motion to substitute on the ground that the dissolution action had abated. This appeal follows that order.

■ Actions for dissolution of marriage abate upon the death of one spouse. The rationale for the rule is that the death of one of the parties to a marriage extinguishes the subject matter of the dissolution action. *Milenkovic v. Milenkovic* (1981), 93 Ill. App. 3d 204, 416 N.E.2d 1140.

Appellant asserts that abatement in the instant action was precluded due to section 401(3) of the Illinois Marriage and Dissolution of Marriage Act, which provides that "[t]he death of a party subsequent to entry of a judgment for dissolution but before judgment on reserved issues shall not abate the proceedings." (Ill. Rev. Stat.

1983, ch. 40, par. 401(3).) Additionally, the appellant relies on the Illinois Supreme Court's decision in *In re Marriage of Davies* (1983), 95 Ill. 2d 474, 448 N.E.2d 882, to bolster the proposition.

█ Reliance on section 401(3) and *Davies* is misplaced. In the instant case final judgment was never entered, which is clearly prescribed by the statute as essential to the preclusion of abatement. Similarly, in *Davies*, a final judgment had been entered which dissolved the marriage but reserved all other issues for a separate hearing. After the hearing on the reserved issues, but before a judgment was entered, the husband died. The judge ruled the death would have no impact on the status of the proceedings and entered a supplemental judgment *nunc pro tunc* determining the rights of the parties. After holding that the wife waived an objection to the bifurcated proceeding, the Illinois Supreme Court applied the United States Supreme Court precedent that there is no abatement on prejudgment death of a party if the litigation is ripe for judgment. We emphasize that in the case at bar only jurisdiction and grounds to dissolve were found; the actual final judgment was reserved.

In *Brandon v. Caisse* (1986), 145 Ill. App. 3d 1070, 496 N.E.2d 755, the appellate court reversed the trial court's decision to substitute a deceased party's executor in a dissolution proceeding where both the dissolution hearing and the hearing on the remaining issues had been concluded, yet judgment had not been entered. *Brandon* acknowledged that the current version of section 401(3) had been amended subsequent to the *Davies* decision. It noted that the legislature interpreted *Davies* narrowly in requiring "entry of a final judgment for dissolution" rather than "ripe for judgment" in prescribing the circumstances regarding abatement. We conclude that because judgment was never entered in the instant case, the provisions of section 401(3) do not come into effect.

█ Appellant also asserts that Supreme Court Rule 272 saves the action from abating. He believes that since the trial judge found grounds existed to dissolve the marriage, those findings should be given effect. Supreme Court Rule 272 defines when a judgment is entered. (87 Ill. 2d R. 272.) Its purpose is to resolve difficulties which arise regarding the timeliness of an appeal where an oral pronouncement of judgment from the bench antedates the entry of a written order. Under the provisions of the rule, until the written judgment is filed the proceedings are in a state of temporary abeyance and the bare announcement of the final judgment cannot be enforced. *Green v. Green* (1974), 21 Ill. App. 3d 396, 315 N.E.2d 324.

For the foregoing reasons, the judgment of the La Salle County circuit court is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.