*In re* MARRIAGE OF NANCY GALEN, n/k/a Nancy Padak, Petitioner-Appellee, and EDWARD E. GALEN, Respondent-Appellant.

Second District   No. 2—86—1160

Opinion filed July 2, 1987.

Robert S. Kramer, of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, of Elgin, for appellant.

William R. Ketcham, of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Edward Galen, appeals from the trial court's order awarding petitioner, Nancy Galen, currently known as Nancy Padak, increased child support. Respondent contends that the trial court's finding that petitioner needed increased child support due to a substantial change in circumstances was against the manifest weight of the evidence.

On April 11, 1978, petitioner filed a petition for dissolution of marriage, and the court entered a judgment dissolving the parties' marriage on July 19, 1978. The court awarded custody of the children, then ages three and five, to petitioner. The judgment provided, *inter alia*, that respondent would pay $50 per week, per child, in support of his two minor children. Relevant to this appeal is petitioner's petition for modification of the dissolution judgment, which sought an increase in child support. Petitioner alleged that respondent was paying $430 per month, which was $66 less than the minimum amount provided in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)). Additionally,

petitioner alleged that respondent earned a net salary of $992.95 every two weeks. Petitioner asserted that these facts constituted a material change in circumstances which justify an increased award of child support.

The record includes a list of the expenses for the two children, who are presently 11 and 13 years old, petitioner's expenses, and respondent's expenses. The parties, who were represented by counsel, entered into a stipulation which also is part of the record on appeal. The stipulation provides in relevant part:

"2. That there has been a material change in circumstances since the entry of the original Judgment of Dissolution of Marriage entered in said cause on the 19th of July, 1978, as it relates to and bears upon the issue of modification of child support, including but not limited to the facts that over 8 years have passed since the current child support was fixed by the Court; that there has been no interim review or modification in over 8 years of said child support; that both children are now enrolled in school and are currently 11 and 13 years of age, whereas 8 years ago they were 3 and 5 years of age and not in school; that both parties have since remarried and that both parties have substantially increased their income since July 19, 1978."

The stipulation further provides that petitioner's annual base salary is $26,703 and respondent's base salary is $35,000 with the possibility of annual bonuses ranging from $300 to $8,500. According to the stipulation, the salaries have substantially increased since the entry of the judgment, when petitioner earned $16,000 annually and respondent earned $24,000.

Another portion of the stipulation provides:

"5. That the child support of $50.00 per week, per child, presently set in the original Judgment for Dissolution and which has never to date been modified shall be modified as follows:

Respondent shall pay, as and for child support, the sum of $62.50 per child, per week. This figure is based upon 25% of respondent's net base salary of $35,000.00. In addition to said amount, respondent shall pay an additional amount annually equal to 25% of any net bonus received in any year. Said 25% figure is in accordance with *Ill. Rev. Stat.*, (1985), Ch. 40, Sec. 505. Said support payments shall continue to be paid through the Office of the Circuit Clerk and on the same schedule as heretofore established by Court order, and followed by the parties."

The additional provisions of the stipulation relate to the method of reimbursement for medical expenses, exchanging of W-2 forms used for income taxes, and payment of attorney fees. The signed stipulation dated November 20, 1986, became the basis of the trial court's order which increased the child support. The stipulation itself provided that an order be "entered by the Court forthwith pursuant to the stipulation." The trial court's order incorporated the major part of the stipulation.

Respondent challenges the trial court's order alleging that petitioner failed to prove her need for increased child support and failed to prove that a substantial change of circumstances existed pursuant to section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par 510(a)). These contentions are inconsistent with respondent's position in the trial court and may be barred under the doctrines of invited error and of estoppel. (*Economy Fire & Casualty Co. v. State Farm Mutual Insurance Co.* (1987), 153 Ill. App. 3d 378, 381-82.) Further, our review of the record indicates that respondent agreed in the stipulation, which the trial court considered, to pay child support in the amount of $62.50 per child, per week. The stipulation also provides that a "material change in circumstances" has developed since the divorce. Respondent has not sought to set aside this agreement. We conclude that the stipulation is controlling and, therefore, affirm the trial court.

A stipulation is an agreement between parties or their attorneys with respect to the business before the court, and, generally, matters which have been stipulated to by the parties cannot be disputed on appeal. (*Rockford Township Highway Department v. Illinois State Labor Relations Board* (1987), 153 Ill. App. 3d 863, 874.) While a stipulation need not follow any particular form, it must be clear, certain, and definite in its material provisions, and it is essential that it be assented to by the parties or those representing them. (*Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 4.) Courts look with favor upon stipulations designed to simplify, shorten, or settle litigation and save costs to parties unless they are illegal or contrary to public policy. *Central Illinois Public Service Co. v. Badgley* (1974), 24 Ill. App. 3d 294, 298.

In the instant case, the language of the stipulation is clear. Paragraph 5 of the stipulation provides in relevant part that "[r]espondent shall pay, as and for child support, the sum of $62.50 per child, per week." Also, paragraph 2 admits that "there has been a material change in circumstances" since the entry of the dissolution of marriage. In construing the stipulation, the main objective is to de-

termine the intent of the parties, and the words therein must be given their natural and ordinary meaning. (See *Boise Cascade Home & Land Corp. v. Utilities, Inc.* (1984), 127 Ill. App. 3d 4, 11.) The language of the stipulation indicates that respondent intended to pay the increased amount as of the date determined by the trial court.

While respondent does not challenge the validity of the stipulation, he argues that the stipulation does not mention whether the children need the increased support and does not list sufficient facts to establish that a material change of circumstances existed. Respondent does not state how the alleged inadequacies would relieve him of the obligation he undertook in the agreement to pay the amount specified.

■ Furthermore, in *In re Marriage of Brand* (1984), 123 Ill. App. 3d 1047, the court briefly addressed a similar issue. In *Brand*, the parties stipulated that $4,500 constituted a fair and reasonable fee for services performed by respondent's counsel and that petitioner would pay the sum of $1,722 for guardian *ad litem* fees. Petitioner argued on appeal that no evidence was presented as to the exact hours spent by counsel or as to whether the fees were reasonable. Petitioner maintained that such evidence is always required when the amount of fees is fixed. The court concluded that the stipulation controlled the outcome because "[a] stipulation which is a true agreement of the parties and properly signed by the attorneys for both parties, in absence of a showing of fraud, is binding on the parties." (123 Ill. App. 3d 1047, 1051.) Here, respondent has not alleged fraud, and the parties are bound by their stipulated agreement.

Accordingly, the trial court's order modifying the award of child support is affirmed.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.