*In re* MARRIAGE OF MARIAMMA T. IGNATIUS, Petitioner, and THARAYIL O. IGNATIUS, Respondent-Appellant (Susan Ignatius, as Ex'r of the Estate of Mariamma Ignatius, Deceased, and as Trustee of the Mariamma T. Ignatius Declaration of Trust, Respondent and Intervenor-Appellee).

Second District   No. 2—03—0168

Opinion filed April 22, 2003.

Daniel P. Fitzgerald, of Fitzgerald Law Firm, P.C., of Lisle, for appellant.

Mary Ann Thilmany, of Thilmany & Neis, of Schaumburg, for appellee.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

This interlocutory appeal is brought pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)) and involves the propriety of enforcing an injunctive order in the context of a dissolution of marriage proceeding filed by petitioner, Mariamma T. Ignatius, against respondent, Tharayil O. Ignatius. Respondent appeals from the trial court's orders entered following the death of petitioner and the dismissal of the cause of action. We affirm in part and vacate in part.

■ At the outset, we note that respondent's counsel has violated Supreme Court Rule 342(a) (155 Ill. 2d R. 342(a)) by failing to include a copy of the notice of appeal with the appendix to his appellate brief. Where an appellant's brief fails to comply with supreme court rules, this court has inherent authority to dismiss the appeal for noncompliance. *Kuzmanich v. Cobb*, 276 Ill. App. 3d 634, 636 (1995). In the present case, we do not believe that the sanction of dismissal is warranted; rather, it is our hope that our discussion here will serve as an admonition to attorneys practicing before this court to comply with our supreme court's rules.

Petitioner and respondent were married in January 1961, and two children were born of the marriage, both now adults. In February 2001 petitioner filed a petition seeking a dissolution of marriage from respondent. During the course of the dissolution proceeding, the trial court enjoined the parties from transferring or otherwise disposing of the marital assets, including the marital residence, two apartment buildings, personal property in the marital residence, and other property contained in a safe deposit box.

Following a hearing on May 1, 2002, the trial court granted a motion brought by petitioner to modify the injunctive order. At the time of the hearing, petitioner had been diagnosed with bone cancer and was about to undergo medical treatment. Petitioner sought to modify the injunction for estate planning purposes. Petitioner requested permission to sever the joint ownership of marital assets so that she could plan the disposition of her assets without alienating them from the marital estate. With this modification, petitioner asked the trial court to continue the injunctive order in full force and effect. The trial court modified the injunctive order to the extent that it ordered "[a]ll assets jointly held by the parties shall be transferred into tenancy in common interests as soon as practicable."

On July 20, 2002, petitioner died. Shortly thereafter, respondent moved the trial court to dismiss petitioner's petition for dissolution of

marriage. The record reflects no judgment of dissolution had been entered. In September 2002 Susan Ignatius (intervenor), as executor and trustee of petitioner's estate and declaration of trust, requested leave to intervene in the proceedings, which the trial court granted. In her petition to intervene, intervenor requested that the trial court enforce the terms of the preliminary injunction as modified by the May 1, 2002, order. In her prayer for relief, intervenor requested the trial court to perform an accounting of the property and divide the joint marital property in accordance with the terms of the May 1, 2002, order.

On December 5, 2002, the trial court entered a memorandum opinion and order. It found that petitioner died without having completed the transfer of all jointly held marital assets. Relying on *New York Life Insurance Co. v. Sogol*, 311 Ill. App. 3d 156 (1999), the trial court determined that the May 1, 2002, "modification of a preliminary injunction entered [pursuant] to the provisions of 750 ILCS 5/501(a)(2) of the Illinois Marriage and Dissolution of Marriage Act" survived the death of petitioner. The trial court granted intervenor's petition and ordered an accounting of the parties' property and a division of the parties' joint marital property in accordance with its May 1, 2002, order.

On December 13, 2002, respondent filed a motion for clarification, requesting that the trial court clarify the time frame in which the accounting was to occur. Respondent also asked the trial court to resolve the issues raised in his previously filed motion to dismiss, in which he sought the dismissal of the dissolution petition and the dissolution of the prior injunctive orders as a result of petitioner's death and the abatement of the dissolution proceeding.

On January 10, 2003, the trial court entered its memorandum opinion and order. The trial court granted respondent's motion to dismiss petitioner's dissolution petition but denied respondent's request to dissolve the prior injunctive orders. The trial court explained that the injunctive orders survived the abatement of the dissolution proceedings. It further ordered the accounting to commence immediately. Respondent filed a timely notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), challenging the trial court's authority to continue the injunction and order an accounting and a division of assets following the dismissal of the cause of action.

Before reaching the merits of the appeal, we must first address intervenor's claim that respondent has waived appellate review of the trial court's May 1, 2002, injunctive order. Intervenor asserts that, in his response to intervenor's petition for intervention, respondent

requested the injunctive order entered only in 2001 be dissolved and, therefore, he should be barred from seeking review of the May 2002 injunctive order. Intervenor also claims that the trial court's orders of December 5, 2002, and January 10, 2003, are separate and distinct and, as such, respondent should be allowed to challenge only the January 10, 2003, order.

■ In *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 186-87 (1994), *rev'd on other grounds*, 179 Ill. 2d 1 (1997), the reviewing court determined it could consider, in an interlocutory appeal from a preliminary injunction, whether the trial court erred in denying a motion for substitution of judge. The reviewing court noted the propriety of an order granting or denying interlocutory injunctive relief could be determined only in an appeal brought pursuant to Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)). *Berlin*, 268 Ill. App. 3d at 187. It held, however, the scope of review under Rule 307 included the review of any prior error bearing directly upon the question of whether the order on appeal was proper. *Berlin*, 268 Ill. App. 3d at 187.

■ In the present case, the May 1, 2002, injunctive order was a modification of a prior injunctive order and was predicated on an injunctive order entered in February 2001. Had the trial court granted respondent's motion and dissolved the injunctive order entered in 2001, the modification order entered on May 1, 2002, would certainly have been affected as well. Accordingly, the scope of our jurisdiction to review the trial court's rulings is not limited to the orders entered only in 2001, despite respondent's failure to specify the other ruling in his notice of appeal, because they are all steps in the procedural progression leading to the specified judgment on appeal. See *Berlin*, 268 Ill. App. 3d at 187.

Turning to the merits, respondent contends that the trial court erred when it entered the December 5, 2002, and the January 10, 2003, orders denying his motion to dissolve the prior injunctive orders, continuing the injunction, and ordering an accounting. According to respondent, the injunctions should have been dissolved because the trial court dismissed the cause of action following the death of petitioner. Respondent also contends that the trial court erred when it ordered an accounting and a division of the parties' assets because this, too, was subsequent to the dismissal of the underlying cause of action.

Intervenor counters that an injunction survives abatement of the dissolution proceedings, citing *New York Life*, 311 Ill. App. 3d 156, in support of her assertion. Intervenor maintains that the trial court's January 10, 2003, order properly effectuates the enforcement of the

May 1, 2002, order. Intervenor additionally responds that the trial court did not distribute any property but that it merely provided for a change in the way that title was held. Finally, intervenor argues that equity demands the injunction remain in full force and effect.

■ Generally, in an interlocutory appeal brought pursuant to Rule 307(a)(1), the only question before this court is whether a sufficient showing was made to the trial court to sustain its order granting, denying, or modifying the interlocutory relief. *Keefe-Shea Joint Venture, Inc. v. City of Evanston*, 332 Ill. App. 3d 163, 168 (2002), citing *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 399 (1993). However, where a party's right to injunctive relief is dependent on the resolution of a question of law, a reviewing court determines the question independently of the trial court's judgment. *Hamlin v. Harbaugh Enterprises, Inc.*, 324 Ill. App. 3d 612, 616 (2001), citing *In re Lawrence M.*, 172 Ill. 2d 523 (1996).

■ Respondent is not appealing the entry of earlier injunctive orders. Rather, the parties have directed their arguments to the questions concerning the continuing viability of the injunctive order and the trial court's authority to enforce the injunctive order and to order an accounting and a division of property following the dismissal of the petition for dissolution. Because these are legal questions, our review is *de novo*. See *Hamlin*, 324 Ill. App. 3d at 616.

■ Section 401(b) of the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act) (750 ILCS 5/401(b) (West 2000)) provides in relevant part:

"Judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for *** the maintenance of either spouse and the disposition of property. The court may enter a judgment for dissolution that reserves any of these issues either upon (i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist.

The death of a party subsequent to entry of a judgment for dissolution but before judgment on reserved issues shall not abate the proceedings." 750 ILCS 5/401(b) (West 2000).

The Marriage Act is a statutory enactment from our legislature. Accordingly, a trial court's authority to act in dissolution proceedings is conferred only by statute. *In re Marriage of Rhodes*, 326 Ill. App. 3d 386, 388 (2001). The trial court may not rely upon its general equity powers. *In re Marriage of Burkhart*, 267 Ill. App. 3d 761, 765 (1994).

In *Brandon v. Caisse*, 145 Ill. App. 3d 1070 (1986), the wife petitioned for a dissolution of marriage from her husband. At the close of the evidence and before final judgment, the wife died. The trial

court allowed the executor of the wife's estate to be substituted into the proceeding. Approximately two months after the wife died, the trial court entered its judgment for dissolution and an order distributing the property. *Brandon*, 145 Ill. App. 3d at 1070-71. The reviewing court reversed the trial court's judgment, holding that a cause of action for dissolution of marriage abated upon the death of a party prior to judgment in the trial court and, therefore, removed from the trial court its jurisdiction over all aspects of the marriage relationship. *Brandon*, 145 Ill. App. 3d at 1072-73. Similarly, in *In re Marriage of Black*, 155 Ill. App. 3d 52 (1987), the reviewing court affirmed the trial court's refusal to allow substituted parties to proceed in a dissolution of marriage action when the husband in the dissolution proceeding died prior to an entry of judgment. *Black*, 155 Ill. App. 3d at 53-54.

■ In the present case, there is no indication in the record that the trial court entered a judgment of dissolution of the marriage prior to petitioner's death. A trial court's judgment of dissolution is essential to preclude abatement of the proceedings. See 750 ILCS 5/401(b) (West 2000); *Black*, 155 Ill. App. 3d at 54. "It has long been the rule in Illinois that the death of either party to a divorce action prior to final judgment deprives the circuit court of jurisdiction over all aspects of the marriage relationship." *In re Estate of Chandler*, 90 Ill. App. 3d 674, 677 (1980), citing *Bushnell v. Cooper*, 289 Ill. 260 (1919). Under the principles articulated in *Brandon*, *Black*, and *Chandler*, because no judgment of dissolution was entered here, the cause of action abated upon the death of petitioner in July 2002. As a result, the trial court lost its jurisdiction to rule on all of the other matters concerning petitioner and respondent's marriage relationship. See *Chandler*, 90 Ill. App. 3d at 677.

This case is unlike *Copeland v. McLean*, 327 Ill. App. 3d 855 (2002), wherein the wife, whose health was deteriorating, filed a dissolution petition against her husband. The wife sought an immediate dissolution, alleging that, because of her failing health and because the majority of the marital assets were held in joint tenancy with her husband, she wished to " 'dispose of her just portion of the assets' " prior to her death. *Copeland*, 327 Ill. App. 3d at 858. The trial court entered a bifurcated judgment of dissolution, reserving all other issues, and the husband appealed. The reviewing court affirmed, holding that the impending death of a party is an " 'appropriate circumstance' " for the entry of a bifurcated judgment of dissolution. *Copeland*, 327 Ill. App. 3d at 866. Because the trial court had entered a judgment of dissolution prior to the death of the wife, the dissolution proceeding had not abated, and the trial court retained jurisdiction to rule on the

reserved issue of property division even after the wife's death. *Copeland*, 327 Ill. App. 3d at 866.

 In the present case, intervenor was essentially asking the trial court to carry on with the wishes of petitioner and divide the marital property as if petitioner had survived. The Marriage Act contains no provision authorizing the trial court to act in this manner without the prior entry of a judgment of dissolution. Because petitioner died and because no judgment for dissolution had been entered, the dissolution proceeding abated. Marital property cannot be divided in a proceeding that no longer exists. See *Black*, 155 Ill. App. 3d at 53-54; *Brandon*, 145 Ill. App. 3d at 1072-73. Pursuant to *Chandler*, the trial court lost jurisdiction to rule on all other aspects of the marital relationship, including the parties' property issues. Therefore, the trial court should not have conferred upon itself continuing jurisdiction to order an accounting and a division of property when there was no longer a dissolution proceeding.

The trial court properly granted respondent's motion to dismiss petitioner's petition for dissolution because the cause of action had abated upon the death of petitioner and no judgment of dissolution had been entered. We therefore affirm that portion of the judgment. However, we vacate the trial court's orders calling for an accounting and a division of the property in accordance with the May 1, 2002, order.

Having said that, we need to address the effect of our ruling *vis-a-vis* the May 1, 2002, modification of the injunctive order. Relying on *New York Life*, intervenor asserts that an injunction survives abatement of the dissolution proceedings and that the trial court should have retained jurisdiction to enforce the injunction. Respondent argues that injunctions are terminated on the dismissal of a cause of action, citing section 501(d)(3) of the Marriage Act (750 ILCS 5/501(d)(3) (West 2000)).

In *New York Life*, 311 Ill. App. 3d 156, the issue was whether a preliminary injunction issued in a dissolution proceeding, which had abated upon the death of one of the parties, survived abatement. The trial court had enjoined the husband, Bruce Muslin, from transferring or otherwise disposing of property of the parties. Bruce, however, during the dissolution proceedings, effected a change of beneficiaries from his wife Linda Muslin and children to his girlfriend Marsha Sogol. Bruce died; the wife never prosecuted the petition for dissolution to a final judgment. The plaintiffs, two insurance companies, filed an action in interpleader against Linda Muslin and Marsha Sogol to determine which party should receive the proceeds of policies of decedent Bruce Muslin. *New York Life*, 311 Ill. App. 3d at 157-58.

The trial court awarded the proceeds to Sogol, and the reviewing court reversed. The reviewing court noted that, under section 501(d)(3) of the Marriage Act (750 ILCS 5/501(d)(3) (West 1998)), the preliminary injunction against Bruce did not terminate until his death. The reviewing court further noted that, until his death, Bruce did not have the power or the authority to change the beneficiary of the policies because the preliminary injunction was still in effect. It held that, while Bruce's death abated the dissolution of marriage action, it did not abate the preliminary injunction. *New York Life*, 311 Ill. App. 3d at 160.

To reconcile the rationale and holding in *New York Life* with the circumstances of the present case, we must look to the context in which the proceedings were brought. The *New York Life* action was not brought or litigated as part of the dissolution action following the death of Bruce. Rather, it was an independent suit to enforce the terms of the preliminary injunction entered during the course of the dissolution proceedings. This is a critical distinction. In the present case, intervenor sought *within the context of the dissolution proceeding* to protect petitioner's ownership interest in the marital property accumulated during the parties' nearly 40-year marriage but not transferred into tenancy in common before her death. However, because the trial court had not entered a judgment of dissolution, the dissolution proceeding abated following petitioner's death, and the trial court lost its jurisdiction to decide the property issue.

Our decision not to allow intervenor to proceed with her litigation in the context of the dissolution proceeding is supported by a review of two other cases. In *Koenings v. First National Bank & Trust*, 145 Ill. App. 3d 14 (1986), the children of a divorced couple were permitted to bring an independent suit outside the context of the dissolution proceedings to enforce the terms of a property settlement agreement. In *Milenkovic v. Milenkovic*, 93 Ill. App. 3d 204 (1981), the child custody provisions of the Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 601(b)(2)) conferred continuing jurisdiction on the trial court to award custody to an intervening neighbor, despite abatement of the dissolution proceedings, which occurred when the husband shot the wife. In the present case, there was no other provision within the Marriage Act to confer the trial court with continuing jurisdiction to allow intervenor to proceed in her endeavor to protect and recover her mother's assets.

Moreover, section 501(d)(3) of the Marriage Act provides that temporary orders terminate "when the final judgment is entered or when the petition for dissolution of marriage *** is dismissed." 750 ILCS 5/501(d)(3) (West 2000). Therefore, in the context of the instant

dissolution proceeding, the injunctive orders terminated when the trial court granted respondent's motion to dismiss petitioner's petition for dissolution.

In so holding, we do not imply that intervenor may not seek alternative avenues to accommodate the wishes of petitioner. In her capacity as executor of petitioner's estate, intervenor may have a cause of action for injunctive relief outside of the Marriage Act, such as an independent suit for an injunction. See 735 ILCS 5/11—101 *et seq.* (West 2000). Additionally, although the dissolution action abated, it is possible that the issue of respondent's alleged violation of the preliminary injunction remains viable for resolution in a probate action.

Section 16—1 of the Probate Act of 1975 (the Probate Act) (755 ILCS 5/16—1 (West 2000)) allows a party to file a citation on behalf of the estate to recover property and discover information. A trial court, in such proceedings, is authorized to determine all questions of title, claims of adverse title, and right of property and may enter such orders and judgments as the case may require. *In re Estate of Denler*, 80 Ill. App. 3d 1080, 1091-92 (1980). The validity of the court orders, and therefore any arguments respecting their validity or violation, does not end with closure of the dissolution case in which the orders were entered. See *New York Life*, 311 Ill. App. 3d 156. Courts have allowed suits concerning injunctions to lie in this section. See *Loftis v. Loftis*, 225 Ill. App. 478 (1922) (regarding a transfer of stock purportedly belonging to an estate).

For the foregoing reasons, we affirm the order of the circuit court of Du Page County dismissing the cause of action but vacate the orders calling for an accounting and a division of the marital property.

Affirmed in part and vacated in part.

BOWMAN and GILLERAN JOHNSON, JJ., concur.