Summary Rule 23 order filed
May 29, 2019.
Motion to publish granted
June 17, 2019.

2019 IL App (5th) 170200

NO. 5-17-0200

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| DAVI CLAXTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant and Cross-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 14-D-315 |
| | ) | |
| JODI L. REEVES, Successor Executor and | ) | |
| Personal Representative for Gary L. Claxton, | ) | |
| Deceased, | ) | Honorable |
| | ) | Maureen D. Schuette, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court, with opinion.
Justices Chapman and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1     The petitioner, Davi Claxton (Davi), appeals the judgment of the circuit court of Madison County granting Gary L. Claxton's (Gary) request to bifurcate the parties' dissolution of marriage proceedings and immediately dissolving their marriage while reserving ruling on the disposition of the marital estate. She argues the circuit court abused its discretion in finding that appropriate circumstances for entering a bifurcated judgment existed. James Pepper, Gary's former personal representative and executor of his estate, filed a cross-appeal from the circuit court's disposition of the marital estate. Jodi L. Reeves, Gary's current personal representative and successor executor of his estate, has filed a motion to withdraw the cross-appeal and a confession of error. For the

1

following reasons, this court grants Reeves's motion to withdraw the cross-appeal and we reverse the circuit court's judgment.

¶ 2    Gary and Davi married in 1996. No children were born to the marriage. Gary adopted Davi's son, Garrod, who was an adult at the time of the proceedings at issue. Prior to the marriage Gary and Davi signed an antenuptial agreement which provided, *inter alia*, that each party gave up all claims to the other's retirement benefits and accounts. On April 21, 2014, Davi filed a petition seeking a judgment of legal separation and separate maintenance. Gary filed an answer and a counterpetition for dissolution of marriage, and a complaint for declaratory judgment seeking a declaration that the antenuptial agreement was valid and binding.

¶ 3    Prior to trial both parties filed position statements with the court. In her position statement, Davi stated that Gary's attorney had indicated on numerous occasions that Gary's health was "precarious" and that he "could pass away at any moment."

¶ 4    Trial commenced on January 26, 2017. The court first heard testimony and argument concerning the validity of the antenuptial agreement. Davi argued that the agreement was unconscionable because she had no retirement benefits of her own and that while she would receive part of Gary's firefighter's pension if he died while they were married, she would get nothing if he died after they were divorced. The court found the antenuptial agreement to be valid and enforceable.

¶ 5    The court then proceeded on Gary's counterpetition for dissolution of marriage. Gary testified that he had been an Alton firefighter from 1978 to 2013. He retired in 2013 and began receiving a pension. Regarding his health, Gary testified that he had been sick for a while but that he got really sick "over 4th of July weekend," that he had been hospitalized in December of 2015, and that he had "substantial problems" with his health in the fall of 2016. At the conclusion of his

2

testimony Gary sought a judgment of dissolution based on the testimony provided and the court's prior determination that the antenuptial agreement was valid and enforceable. Davi objected, arguing that a dissolution at that time would be detrimental to her "given the precariousness of the health of the respondent" and the fact that all of the property had not been divided. The court declined to enter a judgment of dissolution at that time and continued the proceedings until March 6, 2017.

¶ 6 On February 28, 2017, Davi filed a motion to continue, arguing that she needed more time to review the voluminous discovery materials she had recently received, and that she was concerned about Gary's ability to testify as it had come to her attention that he had been hospitalized for renal failure. At the March 6, 2017, hearing, Davi argued that a continuance was necessary because she had learned during the first day of trial that Gary had accounts with four different banks which had not been previously disclosed, and that subpoenas of those records had produced 3000 to 4000 documents. Gary opposed the continuance, arguing that Davi was already aware of this information and because of his "ill health." Based on the need to move expeditiously because of Gary's "health issues," the court continued the matter until March 20, 2017.

¶ 7 At the March 20, 2017, hearing, Davi testified that "after Gary was diagnosed with his illness he decided that he was terminally ill." She believed he had been diagnosed in 2011. She testified that "[Gary] just knew that the doctor said, you have three to five years." Trial continued on March 31, 2017. Gary was not present. His attorney explained that Gary was in the hospital undergoing testing for a liver transplant. Davi objected to Gary's absence and the court elected to proceed while reserving ruling on whether Gary should be required to attend. At the conclusion of the trial the court ordered the parties to prepare and submit proposed written orders. Gary's attorney requested the court to enter a judgment of dissolution at that time, to which Davi objected. The following discussion then took place:

3

"THE COURT: What's the condition of Mr. Claxton at this time?

MR. STEIGER: He's doing better. He's at Barnes. He's going through a lot of testing. He's in line for a liver transplant. But it's—after the testimony that was fairly stressful on him the second day of trial, he was immediately rehospitalized, and his condition has been pretty dire.

* * *

THE COURT: Is it your client's understanding, Counsel, that he needs a transplant?

***

MS. STEPHAN: I would imagine given his illness that he does need a transplant.

THE COURT: I'm gonna ask your client a question. Is it your understanding, ma'am, that he needs a transplant and that he's hospitalized at this time?

* * *

MS. CLAXTON: No, it's not.

* * *

THE COURT: Is it your understanding he has significant health issues?

[MS. CLAXTON]: Yes. He does have significant health issues."

The court found that based upon Gary's serious medical condition, appropriate circumstances existed to warrant a bifurcated judgment, and entered a judgment of dissolution, reserving ruling on the disposition of property and other issues.

¶ 8    On April 24, 2017, Gary's attorney filed a suggestion of death stating that Gary had died the previous day, and Pepper was substituted as the party respondent. On April 26, 2017, Davi filed a motion to reconsider the judgment of dissolution arguing, *inter alia*, that she had learned that there were no death benefits payable to any heir from Gary's firefighter's pension other than Davi and

4

then only if the judgment of dissolution were vacated. In response, Pepper argued that pursuant to the antenuptial agreement Davi had no interest in or claim to Gary's pension assets. Pepper also argued that a party's impending death is an appropriate circumstance justifying entry of a bifurcated judgment of dissolution. On May 2, 2017, the court denied Davi's motion to vacate the judgment of dissolution. Davi filed a notice of appeal on May 26, 2017. On June 2, 2017, the circuit court entered an order disposing of the marital estate. Pepper filed a notice of appeal from that order.

¶ 9     On appeal, Davi argues, and Reeves concedes, that the circuit court abused its discretion in finding that appropriate circumstances existed to enter a bifurcated judgment of dissolution. She contends that dissolving the parties' marriage prior to Gary's death deprived her of her survivor's benefit under Gary's pension without providing any benefit to Gary or his estate. She further argues that there was no evidence regarding why Gary wanted or needed an immediate dissolution of the parties' marriage. She also notes that there is no evidence regarding the precise nature of Gary's illness or whether he was facing impending death as a result.

¶ 10     Section 401 of the Illinois Marriage and Dissolution of Marriage Act provides in relevant part, "[j]udgment shall not be entered unless *** the court has considered, approved, reserved or made provision for *** the disposition of property. The court shall enter a judgment for dissolution that reserves any of these issues *** upon *** a finding by the court that appropriate circumstances exist." 750 ILCS 5/401(b) (West 2016). The impending death of a party is an "appropriate circumstance" for entering a bifurcated judgment of dissolution. *In re Marriage of Breashears*, 2016 IL App (1st) 152404, ¶¶ 4, 15. A decision to grant a request for bifurcation and to dissolve a marriage while reserving ruling on the marital estate is a final and appealable judgment and is reviewed for an abuse of discretion. *Id.* ¶ 25. An appeal from the entry of a bifurcated judgment dissolving a marriage allows the reviewing court to consider only the judgment of dissolution and

the bifurcation itself, and the reviewing court has no jurisdiction to consider other issues. *In re Marriage of Tomlins*, 2013 IL App (3d) 120099, ¶ 31 (citing *In re Marriage of Bogan*, 116 Ill. 2d 72, 76 (1986)). Where a party to dissolution of marriage proceedings dies subsequent to the entry of a judgment for dissolution but before judgment on reserved issues, the death does not abate the dissolution proceedings. 750 ILCS 5/401(b) (West 2016). However, where a party to dissolution of marriage proceedings dies prior to the entry of a judgment for dissolution, the dissolution proceedings abate and the circuit court loses jurisdiction over all matters concerning the marriage relationship. *In re Marriage of Ignatius*, 338 Ill. App. 3d 652, 658 (2003).

¶ 11    Gary made no written request for a bifurcated judgment. He orally moved for a judgment of dissolution at the conclusion of the January 26, 2017, hearing. Although Gary made several references to his health during his testimony, the only argument he made in favor of entering a judgment of dissolution at that time was his belief that the antenuptial agreement resolved all other issues. The court subsequently entered a bifurcated judgment of dissolution based on Gary's ill health but, as Davi notes, there is surprisingly little evidence in the record on this issue. Although there are numerous references to Gary's ill health, the record does not disclose the exact nature of Gary's illness and the only evidence that his illness was terminal is Davi's testimony that "after Gary was diagnosed with his illness he decided that he was terminally ill" and that "[Gary] just knew that the doctor said, you have three to five years." Although Gary died shortly after the entry of the bifurcated judgment of dissolution, the record is silent as to the cause of death. We also agree that the bifurcated judgment of dissolution denied Davi survivor benefits from Gary's pension while providing no benefit to Gary, his estate, or the marital estate.

¶ 12    Reeves has filed a confession of error in which she "concurs with and adopts [the] position taken by the Appellant *** and therefore agrees that this Court should reverse the decision of the

Circuit Court *** as to the Dissolution of the marriage of Gary L. Claxton and Davi Claxton." In other words, Reeves agrees that in light of the lack of actual evidence regarding Gary's health and the fact that the bifurcated judgment of dissolution denied Davi survivor benefits from Gary's pension, appropriate circumstances for entering a bifurcated judgment of dissolution did not exist. Under the circumstance of this case and in light of Reeves's confession of error, we conclude that the circuit court abused its discretion in finding that appropriate circumstances existed to enter a bifurcated judgment of dissolution.

¶ 13     As noted above, subsequent to Davi filing her notice of appeal the circuit court entered an order disposing of all remaining issues. Pepper cross-appealed this order, but Reeves has filed a motion to withdraw and dismiss the cross-appeal. We grant that motion.

¶ 14     For the foregoing reasons, we grant Reeves's motion to dismiss her cross-appeal and we reverse the circuit court's order dissolving Gary and Davi's marriage.


¶ 15     Motion granted; cross-appeal dismissed; judgment reversed.

2019 IL App (5th) 170200

NO. 5-17-0200

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| DAVI CLAXTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant and Cross-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 14-D-315 |
| | ) | |
| JODI L. REEVES, Successor Executor and | ) | |
| Personal Representative for Gary L. Claxton, | ) | |
| Deceased, | ) | Honorable |
| | ) | Maureen D. Schuette, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |

_____

**Summary Rule 23 Order Filed:**   May 29, 2019
**Motion to Publish Granted:**   June 17, 2019
**Opinion Filed:**   June 17, 2019
_____

**Justices:**      Honorable Thomas M. Welch, J.

                   Honorable Melissa A. Chapman, J., and
                   Honorable John B. Barberis, J.,
                   Concur
_____

**Attorneys**      Curtis L. Blood, P.O. Box 486, Collinsville, IL 62234; Kelly A. Stephan, 524
**for**            Washington Avenue, Alton, IL 62002-6617
**Appellant**

_____

**Attorney**       Clifford C. Emons, Emons Law Office, 112 West Homer Adams Parkway, P.O.
**for**            Box 880, Alton, IL 62002
**Appellee**
_____