# Illinois Official Reports

## Supreme Court

*Smith v. The Vanguard Group, Inc.*, 2019 IL 123264

| | |
|---|---|
| Caption in Supreme Court: | JoANN SMITH, Appellant, v. THE VANGUARD GROUP, INC., *et al.* (Scott Smith *et al.*, Appellees). |
| Docket No. | 123264 |
| Filed | January 25, 2019 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Madison County, the Hon. Barbara Crowder, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Phillip H. Hamilton, of Farrell, Hamilton & Julian, P.C., of Godfrey, for appellant. |
| | J. William Lucco and Michael J. Hertz, of Lucco, Brown, Threlkeld & Dawson, L.L.P., of Edwardsville, for appellees. |
| Justices | JUSTICE GARMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Thomas, Kilbride, Burke, Theis, and Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1         JoAnn Smith, Donald Smith's widow, brought an action seeking to be declared the rightful beneficiary of Donald's individual retirement account after his passing. Donald initially listed no beneficiary who would take any funds remaining in that account at his death. In 2013, he was hospitalized. During his hospitalization, someone designated JoAnn as beneficiary. When Donald was released from the hospital, he filed an action for a temporary restraining order and injunction. The spouses stipulated to an injunction ordering that neither party engage in any transaction regarding the parties' financial accounts. That injunction action was later combined with a dissolution action. While still bound by the injunction, Donald changed the beneficiary designation to his sons, Scott and Jeffrey Smith. After the combined actions were dismissed, Donald passed away. JoAnn subsequently brought this underlying action, alleging that the beneficiary change was in violation of the injunction and that the change was therefore void. The circuit court granted Scott and Jeffrey's motion to dismiss, and the appellate court affirmed. We granted JoAnn's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Nov. 1, 2017).

¶ 2                                              BACKGROUND

¶ 3         JoAnn and Donald married in 1974. The couple had several individual and joint financial accounts, including retirement accounts. Among those accounts was an individual retirement account with The Vanguard Group (the Vanguard IRA) solely in Donald's name. Donald had not listed a beneficiary who would receive any funds remaining in that account at his death. In 2013, Donald was hospitalized from July 21 to August 2. On July 31, 2013, someone designated JoAnn as beneficiary.

¶ 4         On August 6, 2013, Donald filed a petition for issuance of temporary restraining order and for preliminary injunction against JoAnn. Donald alleged that JoAnn would not allow him access to the marital residence and that JoAnn made various unauthorized withdrawals from Donald's financial accounts during the time Donald was hospitalized, depositing the funds into her personal account. He also alleged that she attempted to liquidate another of his brokerage accounts with an invalid power of attorney. Donald sought the temporary restraining order "to maintain the status quo of the parties prior to the withdrawal[s] and deposits." He also sought return of the withdrawn funds and to prevent JoAnn "from further converting [Donald's] assets."

¶ 5         On August 8, 2013, the circuit court entered a stipulated preliminary injunction providing that the funds withdrawn during Donald's hospitalization would be restored. Donald was to temporarily "reside with his son," Scott. Donald had another adult son, Jeffrey. The record implies that Scott and Jeffrey are not JoAnn's children but does not definitively so indicate. The injunction further provided that each spouse would be allowed certain funds for living expenses and that the spouses' financial accounts were otherwise "closed to any transactions." On September 6, 2013, Donald filed a dissolution action, and the two actions were consolidated. The injunction remained in effect.

¶ 6         On March 13, 2014, while the combined actions were still pending and the injunction was still in effect, Donald designated Scott and Jeffrey as the primary and only beneficiaries of the Vanguard IRA. On October 29, 2014, Donald and JoAnn stipulated to the dismissal of the

dissolution and injunction actions. The injunction was dismissed along with the underlying actions. Donald passed away on March 30, 2015.

¶ 7 Shortly after Donald's passing, JoAnn discovered the beneficiary change. She filed this underlying action in the Madison County circuit court seeking a declaratory judgment in the first count and alleging that Donald committed fraud by changing the beneficiary designation in violation of the injunction in the second count. Scott and Jeffrey filed a motion to dismiss under sections 2-615 and 2-619(a)(4) and (9) of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619(a)(4), (9) (West 2014). The court dismissed the fraud count under section 2-615 with leave to refile and took the declaratory count under advisement. It later dismissed the declaratory count as well, finding that the beneficiary change became effective upon dismissal of the dissolution action, even if it arguably violated the terms of the injunction. JoAnn's motion to reconsider was denied. A divided appellate court affirmed in an unpublished order, finding that "a mere beneficiary change did not violate the terms of the injunction." 2018 IL App (5th) 160024-U, ¶ 17. JoAnn did not refile the count alleging fraud. Instead, she petitioned for leave to appeal, and we allowed her petition. See Ill. S. Ct. R. 315 (eff. Nov. 1, 2017).

¶ 8                                                    ANALYSIS

¶ 9 The claim at the heart of this appeal was dismissed under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2012). This court reviews a section 2-619 dismissal of a cause of action *de novo*. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005). "A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint, but asserts affirmative matter that defeats the claim." *Id.*

¶ 10 We note first that "[t]he purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits of a cause." *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 156 (1992). "A party may refuse to obey an order where the court had no jurisdiction to make it, but not on the ground that it was erroneously made." *Cummings-Landau Laundry Machinery Co. v. Koplin*, 386 Ill. 368, 384 (1944). "An order made in the exercise of jurisdiction, though erroneous, must be obeyed until modified or set aside by the court making it or reversed by an appellate court." *Id.* Neither party has argued that the circuit court lacked jurisdiction when it issued the injunction. Thus, if the injunction prohibited the change of beneficiary, any change made in violation of that injunction was invalid irrespective of the subsequent dismissal of the combined injunction and dissolution actions.

¶ 11 Deciding this matter depends on an interpretation of the circuit court's injunction. That injunction was a stipulation. "The primary rule in the construction of stipulations is that the court must ascertain and give effect to the intent of the parties." *People v. Woods*, 214 Ill. 2d 455, 468-69 (2005) (citing *In re Marriage of Galen*, 157 Ill. App. 3d 341, 344-45 (1987)). "[W]ords therein must be given their natural and ordinary meaning." *Galen*, 157 Ill. App. 3d at 345. To decide this case, therefore, we must determine what Donald and JoAnn intended when they stipulated to the injunction, giving the words therein their natural and ordinary meaning.

¶ 12 The injunction does not mention beneficiaries or beneficiary designations, despite the fact that someone designated JoAnn beneficiary of the Vanguard IRA only eight days prior to its issuance. The record before us does not indicate who made that designation. JoAnn argues that Donald made it. Scott and Jeffrey argue that it was likely JoAnn: the change was made during

Donald's hospitalization and around the same time that, according to Donald's petition, JoAnn attempted to liquidate another brokerage account with an invalid power of attorney. Indeed, it does seem improbable that Donald, an attorney, would designate his wife beneficiary and then six days later file an injunctive action seeking that she be ordered to return certain other funds but not revoke or change that beneficiary designation.[1]

¶ 13 JoAnn argues that paragraph 9 of the injunction prohibits the beneficiary change. Paragraph 9 reads:

"9. Pursuant to the parties' stipulation, all other bank accounts, credit union accounts, investment accounts (including the Scottrade account), and any other accounts holding funds or investments of the parties shall be closed to any transactions and no trades, transfers, transactions, buy orders or sell orders, withdrawals or deposits shall be made from any accounts without the written agreement of both Petitioner and Respondent or further Court order."

¶ 14 In discerning Donald and JoAnn's intent, we note that, by way of the inclusive list of accounts, both intended that the injunction include all financial accounts owned by either or both spouses. The Vanguard IRA falls within that inclusive list.

¶ 15 During oral argument, both parties argued that our decision turns on whether we define the term "transaction" to include a beneficiary change. Yet they devote very little of their briefs to defining a "transaction" or advocating for this court to adopt a particular definition. JoAnn, the appellant, spent but three lines of her brief quoting Black's Law Dictionary in part.

¶ 16 The spouses use the word "transaction" twice in paragraph 9. They state that their accounts "shall be closed to any transactions" and that "no trades, transfers, transactions, buy orders or sell orders, withdrawals or deposits shall be made from any accounts." The listed actions from which the spouses were prohibited all have an immediate effect on the respective account composition or balances. Paragraphs 3 and 4, ordering JoAnn to restore certain withdrawn funds to certain accounts, further demonstrate the type of actions the spouses contemplated in drafting their stipulation. The purpose of the injunction was to keep the spouses' funds intact and in the accounts within which they had been prior to Donald's hospitalization. Thus, the spouses intended to prohibit only actions that immediately affected the accounts. A beneficiary change does not immediately affect an account, especially an account such as an IRA, for which a beneficiary designation is merely a contingency in case the individual fails to outlive the funds in the account.

¶ 17 Based on the spouses' stipulation to the return of funds previously withdrawn, the limitation on funds spent in the future, and their use of language prohibiting only actions that immediately affect the respective accounts, we find that the spouses were concerned only with the immediate restoration and maintenance of the accounts. They did not intend to prohibit a change in beneficiary.

¶ 18 JoAnn cites *New York Life Insurance Co. v. Sogol*, 311 Ill. App. 3d 156 (1999), *In re Marriage of Ignatius*, 338 Ill. App. 3d 652 (2003), and *Southern Illinois Medical Business*

---

[1]We note that this initial designation had no effect anyway; according to section 4.4(a) of the Vanguard Traditional and Roth IRA Custodial Account Agreement, "[i]f no beneficiary designation is in effect *** at the time of Investor's death, the beneficiary shall be the Investor's surviving spouse, if any."

*Associates v. Camillo*, 208 Ill. App. 3d 354 (1991), for the proposition that injunctions issued by a court properly exercising jurisdiction must be obeyed. We agree. See *Koplin*, 386 Ill. at 384 (reaffirmed today). Beyond that, however, the cases are distinguishable.

¶ 19　　In *Sogol*, the court granted a stipulated injunction prohibiting the husband from " 'transferring, encumbering, concealing, damaging or otherwise disposing of the property of Linda Muslin or any other property of the parties.' " 311 Ill. App. 3d at 157. Thereafter, the husband changed the beneficiary designation of two life insurance policies and an annuity from the wife and children to his girlfriend. *Id.* at 158. He died two months later, while the dissolution action was ongoing and the injunction still in effect. *Id.* That court noted that the case was one of first impression in Illinois and held that the husband was prohibited from changing the beneficiary designation. *Id.* at 158-59.

¶ 20　　*Ignatius* did not deal with a beneficiary change but rather a modified injunction permitting an ailing wife to transfer all jointly held assets into tenancy in common for estate planning purposes. 338 Ill. App. 3d at 654. The wife passed away before the transfer occurred and before a final judgment (*id.*), and that court held that, while the injunctive order terminated with the dissolution action's dismissal, the alleged violation of the injunction might still be "viable for resolution in a probate action" (*id.* at 661).

¶ 21　　In *Camillo*, the appellate court upheld a damage award for violation of an injunction that prohibited a former employee from competing with the employer, despite the subsequent termination of that injunction. 208 Ill. App. 3d at 366. The dissent below cited *Camillo* in support of the proposition that termination of an injunction does not retroactively defeat the injunction. 2018 IL App (5th) 160024-U, ¶ 23 (Chapman, J., dissenting). *Camillo*, however, does not deal with a comparable situation and is thus inapt to the current dispute. The majority of the appellate court below distinguished *Sogol* and *Ignatius* on the fact that one of the parties involved died while the injunction was still in effect. *Id.* ¶¶ 15-16. The majority below thus held that, because the ownership change in this case did not occur during the life of the injunction, as in *Sogol* and *Ignatius*, Donald did not violate the injunction. *Id.* ¶ 16. We agree.

¶ 22　　Donald sought the injunction because he was concerned that JoAnn was converting his assets. Thus, once he filed his actions, the current status of the spouses' assets and account balances was an issue before the court. Neither Donald nor JoAnn could dissipate the assets. That said, Donald did not do so by merely changing the contingent beneficiary of his IRA.

¶ 23　　The purpose of the injunction was to preserve the current state of the spouses' funds and accounts pending a final judgment. The cases never proceeded to a final judgment but were instead dismissed. The court never adjudicated what amount, if any, of the Vanguard IRA was Donald's, JoAnn's, or marital property. Had Donald passed away during the life of the injunction, this matter would be on point with *Sogol*. Because Donald outlived the injunction and the underlying actions, however, ownership of the funds in the account did not change until after they were dismissed. This fact distinguishes *Sogol*.

¶ 24　　*Ignatius* is similarly distinguishable. That court held that a probate action might have been appropriate to enforce the injunction. 338 Ill. App. 3d at 661. In that case, the wife died before the court-ordered property transfer could take place and while the dissolution action was still pending. *Id.* at 654. Thus, in both *Sogol* and *Ignatius*, the parties' property and accounts were before the court pending adjudication at the time ownership changed hands. In this case, a change in beneficiary was not prohibited under the limited terms of the spouses' stipulated

- 5 -

injunction. A change of ownership was prohibited, but since ownership did not transfer during the time the spouses' accounts were before the court, the designation was valid.

¶ 25 Although not cited by either party, we find support for our opinion today from another decision of our appellate court, *In re Marriage of Centioli*, 335 Ill. App. 3d 650 (2002). In that case, the wife sought to have the husband restrained from changing the beneficiary designation of his revocable trust, into which his estate would pour over at his death. *Id.* at 652. The *Centioli* court held that although the term "property" is broadly defined, it does not include an expectancy interest such as a beneficiary designation and that such a designation thus cannot be protected by an injunction under the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 2000)). *Centioli*, 335 Ill. App. 3d at 656.

¶ 26 We agree. The circuit court could have distributed whatever amount of the Vanguard IRA that it found equitable had the dissolution action proceeded to a final judgment. An individual does not, however, have the same interest in her spouse's property at probate that she does at dissolution. See *Centioli*, 335 Ill. App. 3d at 657 (describing a spouse's potential property rights under probate law if the other spouse dies while a dissolution action is pending). We thus find that Donald's change of beneficiary, because it did not vest during the pendency of the injunction or the combined underlying actions, was not prohibited by the injunction.

¶ 27 CONCLUSION

¶ 28 We hold that, because the change of ownership did not occur until after the injunction had been dismissed, Donald did not violate the injunction when he changed the beneficiary designation of the Vanguard IRA to Scott and Jeffrey.

¶ 29 Affirmed.